**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HECTOR MARTIN MACHIC-RISCAJCHE,<br><br>        Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   15-70159<br><br>Agency No. A205-081-580<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2018[**]
Portland, Oregon

Before:  FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

Hector Martin Machic-Riscajche petitions for review of a decision of the

Board of Immigration Appeals ("BIA"), affirming the denial by an immigration

judge ("IJ") of his applications for asylum, withholding of removal, and relief

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the IJ's explicit adverse credibility determination based on the inconsistency between Machic's asylum application, which stated he did not know who his Partido Patriota attackers were, and his testimony, which identified one of those attackers as the mayor's son. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-42 (9th Cir. 2010). The IJ confronted Machic on this inconsistency, and Machic failed to provide a reasonable explanation. *See id.* at 1046-48. Machic's inconsistency is significant. First, Machic asserts that his persecutors targeted him to work for the Partido Patriota in the upcoming elections, one of which was for the mayoral race. Second, in his asylum application and in his testimony, Machic claimed he refused to join the Partido Patriota because the mayor, a member of the party's local branch, was corrupt.

Machic's post-hoc explanations (which he did not provide to the IJ) do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Machic's asylum and withholding of removal claims therefore fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Machic also failed to meet his burden of proof to establish that he "more likely than not" would be tortured if

2

removed to Guatemala. 8 C.F.R. § 208.16(c)(2). Therefore, the BIA properly

denied his CAT claim.

**PETITION FOR REVIEW DENIED.**